ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :    **SEALED SUPERSEDING**
                                 :    **INDICTMENT**
         - v. -                  :
                                 :    S1 18 Cr. 144
TAN WEE BENG,                    :
   a/k/a "WB,"                   :
                                 :
              Defendant.         :
                                 :
- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 2 5 2018

**BACKGROUND**

1.  The charges in this Indictment arise out of a multi-year scheme to violate and evade U.S. national security controls against the Democratic People's Republic of Korea ("DPRK" or "North Korea").  In particular, commodities businesses and front companies in Singapore, Thailand, Hong Kong, and elsewhere were used to violate and evade both prohibitions against North Korea's access to the U.S. financial system and prohibitions on dealings with certain entities identified by the U.S. Department of the Treasury as Specially Designated Nationals ("SDNs") based on their support for North Korea's pursuit of weapons of mass destruction.

**The International Emergency Economic Powers Act**

2.  The International Emergency Economic Powers Act ("IEEPA"), codified at Title 50, United States Code, Sections 1701-1706, confers upon the President authority to deal with

unusual and extraordinary threats to the national security and foreign policy of the United States. Section 1705 provides, in part, that "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this title." 50 U.S.C. § 1705(a).

### The North Korea Sanctions Program

3. Beginning with Executive Order No. 13466, issued on June 26, 2008, the President found that the situation "on the Korean Peninsula constitute[s] an unusual and extraordinary threat to the national security and foreign policy of the United States and . . . declare[d] a national emergency to deal with that threat."

4. On March 18, 2016, the President issued Executive Order No. 13722, which prohibited both "the exportation or reexportation, direct or indirect, from the United States, or by a United States person, wherever located, of any goods, services, or technology to North Korea" and "any approval, financing, facilitation, or guarantee by a United States person, wherever located, of a transaction by a foreign person where the transaction by that foreign person would be prohibited by this section if performed by a United States person or within the United States."

2

5.  Executive Order 13722 also prohibits transactions that evade or avoid, have the purpose of evading or avoiding, cause a violation of, or attempt to violate the terms of the Order.

### The Weapons of Mass Destruction Proliferators Sanctions Regulations

6.  Beginning with Executive Order No. 12938, issued on November 14, 1994, the President found that "the proliferation of nuclear, biological, and chemical weapons ('weapons of mass destruction') and of the means of delivering such weapons, constitutes an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and . . . declare[d] a national emergency to deal with that threat."

7.  On June 28, 2005, the President issued Executive Order No. 13382, imposing restrictions on any person or entity determined to have provided support for the proliferation of weapons of mass destruction. Executive Order 13382 authorized the United States Secretary of the Treasury to promulgate rules and regulations necessary to carry out the Order. Pursuant to this authority, the Secretary of the Treasury promulgated the Weapons of Mass Destruction Proliferators Sanctions Regulations (the "WMDPSR"), implementing the sanctions imposed by the Executive Orders.

8. The WMDPSR, Title 31, Code of Federal Regulations, Section 544.201(b), prohibits, among other things, making of any contribution and provision of funds, goods, or services, by, to, or for the benefit of any person designated under Executive Order 13382 or the WMDPSR, as well as the receipt of any contribution or provision of funds, goods, or services from such a person, by a United States person or within the United States. The WMDPSR also prohibits transactions that evade or avoid, have the purpose of evading or avoiding, cause a violation of, or attempt to violate the terms of the WMDPSR.

9. The United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") is responsible for administering and enforcing economic sanctions programs, including the WMDPSR and the sanctions on the DPRK.

10. At all times relevant to this Indictment, Korea Kwangson Banking Corporation ("KKBC") was a DPRK bank and, beginning on or about August 11, 2009, was designated by OFAC as an SDN pursuant to Executive Order 13382.

11. At all times relevant to this Indictment, Korea Daedong Credit Bank ("DCB") was a DPRK bank and, beginning on or about June 27, 2013, was designated by OFAC as an SDN pursuant to Executive Order 13382.

12. On or about March 2, 2016, the United Nations Security Council adopted Resolution No. 2270, which imposed sanctions on KKBC and DCB, among other North Korean entities, in response to North Korea's continued pursuit of nuclear weapons and ballistic missile technology.

**STATUTORY ALLEGATIONS**

**COUNT ONE**

(Conspiracy to Violate the
International Emergency Economic Powers Act)

The Grand Jury charges:

13. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

14. From at least in or about 2011, up to and including the date of this Indictment, in the Southern District of New York, Singapore, Thailand, Hong Kong, North Korea, and elsewhere outside of the jurisdiction of any particular State or district of the United States, TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, as part of a group of three or more persons acting in concert in order to obtain, directly or indirectly, a financial or other material benefit, knowingly and willfully did combine, conspire, confederate, and agree together

5

and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the IEEPA.

15. It was a part and an object of the conspiracy that TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, would and did provide and cause others to provide financial services to the DPRK and to North Korean entities listed as SDNs by OFAC that were prohibited by U.S. law, without first obtaining the required approval of OFAC, and evade and avoid the requirements of U.S. law with respect to the provision of financial services to DPRK and to North Korean SDNs, in violation of Executive Orders 12938, 13382, 13466, and 13722; and 31 C.F.R. §§ 544.201, 544.205.

(Title 50, United States Code, Section 1705;
Executive Orders 12938, 13382, 13466, and 13722;
Title 18, United States Code, Section 3238;
Title 31, Code of Federal Regulations, Sections 544.201 &
544.205.)

## COUNT TWO

### (Bank Fraud)

The Grand Jury further charges:

16. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

17. From at least in or about 2011, up to and

including the date of this Indictment, in the Southern District of New York, Singapore, Thailand, Hong Kong, North Korea, and elsewhere outside of the jurisdiction of any particular State or district of the United States, TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, as part of a group of three or more persons acting in concert in order to obtain, directly or indirectly, a financial or other material benefit, did knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of such financial institution, by means of false and fraudulent pretenses, representations, and promises, and aided and abetted the same, to wit, inducing U.S. financial institutions to conduct financial transactions on behalf of and for the benefit of the DPRK and North Korean entities and persons using money and property owned by and under the custody and control of such financial institutions, by deceptive means.

(Title 18, United States Code, Sections 1344, 3238, & 2.)

## COUNT THREE

### (Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

19. From at least in or about 2011, up to and including the date of this Indictment, in the Southern District of New York, Singapore, Thailand, Hong Kong, North Korea, and elsewhere outside of the jurisdiction of any particular State or district of the United States, TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, as part of a group of three or more persons acting in concert in order to obtain, directly or indirectly, a financial or other material benefit, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

20. It was a part and an object of the conspiracy that TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, would and did knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution,

the deposits of which were then insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349, 3238.)

## COUNT FOUR

### (Money Laundering)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

22. From at least in or about 2011, up to and including the date of this Indictment, in the Southern District of New York, Singapore, Thailand, Hong Kong, North Korea, and elsewhere outside of the jurisdiction of any particular State or district of the United States, TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, as part of a group of three or more persons acting in concert in order to obtain, directly or indirectly, a financial or other material benefit, in an offense

involving and affecting interstate and foreign commerce, did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, and aided and abetted the same, with the intent to promote the carrying on of specified unlawful activity, to wit, (i) the illegal export of services to the DPRK and to North Korean SDNs as charged in Count One of this Indictment, and (ii) bank fraud as charged in Counts Two and Three of this Indictment.

(Title 18, United States Code, Sections 1956(a)(2)(A), 3238, & 2.)

### COUNT FIVE

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

23. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

24. From at least in or about 2011, up to and including the date of this Indictment, in the Southern District of New York, Singapore, Thailand, Hong Kong, North Korea, and elsewhere outside of the jurisdiction of any particular State or district of the United States, TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, at least one of whom is

expected to be first brought to and arrested in the Southern District of New York, as part of a group of three or more persons acting in concert in order to obtain, directly or indirectly, a financial or other material benefit, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

25. It was a part and an object of the conspiracy that TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, (i) the illegal export of services to the DPRK and to North Korean SDNs as charged in Count One of this Indictment, and (ii) bank fraud as charged in Counts Two and Three of this Indictment, in violation of Section 1956(a)(2)(A) of Title 18, United States Code.

(Title 18, United States Code, Sections 1956(h), 3238.)

## COUNT SIX

### (Conspiracy to Defraud the United States)

The Grand Jury charges:

26. The allegations contained in paragraphs 1 through 11 of this Indictment are repeated and realleged as if fully set forth herein.

27. From at least in or about 2011, up to and including the date of this Indictment, in the Southern District of New York, Singapore, Thailand, Hong Kong, North Korea, and elsewhere outside of the jurisdiction of any particular State or district of the United States, TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, as part of a group of three or more persons acting in concert in order to obtain, directly or indirectly, a financial or other material benefit, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency thereof, to wit, to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury in the enforcement of economic sanctions laws and regulations administered by that agency.

## Overt Acts

28.  In furtherance of the conspiracy and to effect the illegal object thereof, TAN WEE BENG, a/k/a "WB," the defendant, and others known and unknown, committed the following overt acts, among others:

   a.  On or about October 11, 2016, a co-conspirator not named as a defendant herein ("CC-1") sent an email directing DCB to make a payment of $380,000 to a Singapore-based commodities company ("Company-1") of which TAN WEE BENG, a/k/a "WB," was a director.

   b.  On or about October 20, 2016, CC-1 caused a bank located in the United States ("U.S. Bank-1") to process a transaction through a correspondent account in the United States for $379,556, to be paid to Company-1 by a front company located in Hong Kong ("Company-2").

(Title 18, United States Code, Sections 371, 3238.)

## FORFEITURE ALLEGATION

### (Counts One, Two, and Three)

29.  As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, TAN WEE BENG, a/k/a "WB," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property,

real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, and Three of this Indictment, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

### Substitute Assets Provision

30. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- a) cannot be located upon the exercise of due diligence;
- b) has been transferred or sold to, or deposited with, a third person;
- c) has been placed beyond the jurisdiction of the court;
- d) has been substantially diminished in value; or
- e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## FORFEITURE ALLEGATION

(Counts Four and Five)

31. As a result of committing the money laundering offenses alleged in Counts Four and Five of this Indictment, TAN WEE BENG, a/k/a "WB," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to, a sum of money representing the amount of property that was involved in the money laundering offenses or is traceable to such property.

### Substitute Assets Provision

32. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third person;

    c) has been placed beyond the jurisdiction of the court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Sections 981, 982;
>Title 21, United States Code, Section 853;
>Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

TAN WEE BENG,
a/k/a "WB,"

Defendant.

---

SEALED SUPERSEDING INDICTMENT

S1 18 Cr. 144

(18 U.S.C. §§ 371, 1344, 1349, 1956,
3238 & 2; 50 U.S.C. § 1705; 31 C.F.R.
§§ 544.201, 544.205.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

_____ Foreperson.